WOODALL, Justice
(concurring in the result and dissenting from the rationale).
This matter is before us on application for rehearing. I was not a member of this Court when the opinion of November 17, 2000, was released. If I had been a member, I would have dissented. In my opinion, this Court should hold as follows:
1. That a parent has a duty to provide prebirth support to an unborn child;
2. That a parent’s failure to perform that duty constitutes “abandonment” under the Alabama Child Protection Act;
3. That such “abandonment” terminates that parent’s rights with reference to his or her child, by operation of law, in accordance with the Alabama Child Protection Act;
4. That such termination of parental rights negates the need for that parent’s consent to the adoption of that child, pursuant to § 26-10A-10(l), Ala.Code 1975;
5. That in this case, this Court is bound by the trial court’s factual finding that C.V. “totally abused and abandoned *728 [tbe birth mother] physically, emotionally, and financially, during her pregnancy”;
6. That that abuse and abandonment terminated C.V.’s rights with reference to the child, as a matter of law; and
7. That, therefore, the trial court did not err in concluding that C.V.’s consent to the adoption was not required. However, a majority of this Court does not agree with me.
The father has successfully contested the adoption. Therefore, the trial court, not this Court, must now determine the proper custody of the child according to the child’s best interests. See Comment, § 26-10A-24, Ala.Code 1975. I have confidence in the trial court’s ability to consider the father’s rights and the child’s best interests; therefore, I concur only in that part of this Court’s judgment remanding the case to the trial court.